**FILED**
**Mar 20, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Abdullah Hussein,** | ) | **Docket No. 2021-06-0602** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Taylor Farms TN, Inc., d/b/a Taylor** | ) | **State File No. 57595-2020** |
| **Fresh Foods, Inc.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS
### (*Decision on the Record*)

Abdullah Hussein asked the Court to order Taylor Farms to provide additional workers' compensation benefits. He sustained an accepted back injury. Mr. Hussein alleged he injured his knee and shoulder approximately two months later due to a fall while under the effects of pain medication for the back injury. Taylor Farms denied that the later fall relates to work. The Court holds that, on this record, Mr. Hussein did not prove that the fall relates to his employment, so his requested relief is denied. He may return to Dr. Elalayli for treatment of his back.

### Procedural History

Mr. Hussein filed his petition in June 2021. He requested an expedited hearing in December 2022, which was set for February 1, 2023. Mr. Hussein requested a continuance on January 30, citing a need for additional preparation. The Court granted the motion but cautioned that "[n]o further requests for a continuance will be granted unless the party can show extraordinary circumstances." The hearing was reset to March 13 at 1:00 p.m.

On that day, at 12:25 p.m., Mr. Hussein filed a motion asking for a second continuance to sometime in July due to a family emergency. The motion is dated February 27. Attached to the motion was a handwritten statement from his daughter apologizing,

1

explaining that she thought he had filed the motion earlier, and stating that her father had already left the country.[1]

The Court called the case at the scheduled time. Taylor Farms opposed the continuance.

Mr. Hussein's case has been pending since June 2021, and this is the second continuance he requested. The previous order warned that another continuance would only be granted for "extraordinary circumstances." Mr. Hussein's reason, a "family emergency," is vague. Moreover, he made himself unavailable before filing the motion and receiving a ruling. Opposing counsel, the interpreter, and the Court only learned of the motion just thirty-five minutes before the hearing. Taylor Farms needlessly incurred the expense of hiring an interpreter.

As the Appeals Board reminded, "[T]rial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases." *Smith v. The Newman Grp., LLC,* 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Sept. 21, 2015). Therefore, exercising this discretion, the continuance was denied. Mr. Hussein shall promptly reimburse Taylor Farms for the interpreter's expense.

In the interest of advancing the case, the Court proposed entering a decision on the record under Tennessee Compilation Rules and Regulations 0800-02-21-.15(1)(e) (February, 2022). The Court would consider the pre-marked exhibits emailed to the parties on March 9, 2023, and listed as an appendix to this order. Taylor Farms agreed to that course of action.

## Facts

Mr. Hussein's affidavit states that on September 1, 2020, he was attempting to fix a label machine at Taylor Farms when he "twisted" his back. He received authorized care from Dr. Tarek Elalayli after choosing him from a panel of physicians.

The affidavit further states that on November 2, Mr. Hussein fell at home, injuring his knee and shoulder. He said he fell from the effects of pain medication.

Dr. Elalayli's records are scant. He saw Mr. Hussein last on December 2, 2020. Dr. Elalayli wrote that Mr. Hussein felt "90% improved" after conservative treatment, including prescription medication. Dr. Elalayli did not record that Mr. Hussein told him

---

[1] Mr. Hussein's daughter may assist with translating written documentation, but she may not communicate directly with the Court on his behalf because she is not a licensed Tennessee attorney. *See* Tenn. Comp. R. & Regs. 0800-02-21-.04(1) (February, 2022).

he fell at home. He noted, "His primary concern is in regards to right knee pain for which he is seeing Dr. Cook under his private insurance. Currently not working because of his knee." Dr. Elalayli placed Mr. Hussein at maximum medical improvement for his back and returned him to full-duty work. He wrote that Mr. Hussein may return "as needed."

Dr. Elalayli completed two forms summarizing his treatment and opinions. On a C-30A Final Medical Report dated December 3, 2020, he assigned a zero-percent impairment rating. On a C-32 Standard Form Medical Report dated August 3, 2021, he assigned a seven-percent impairment rating for a lumbar disc herniation.

Dr. Elalayli's final word came in response to a letter from Taylor Farms' attorney in January 2023. He checked the following as correct with no elaboration: "I am of the opinion within a reasonable degree of medical certainty that the medications that Abdullah Hussein was prescribed for his workers compensation injury dated September 1, 2020 were more likely than not, NOT the primary cause of his fall at home on November 2, 2020." (Emphasis in original).

Mr. Hussein filed records from unauthorized treatment with various providers.

Mr. Hussein saw nurse practitioner Caroline Barr in February 2022, reporting multiple symptoms, including low back pain from the work injury. He also said he fell at home and injured his neck and shoulder, both of which were surgically repaired.[2] The supervising physician, Dr. Brett Parker, later ordered an MRI of the lumbar spine, which confirmed an impingement and disc protrusion.

In May, Dr. Scott Parker examined Mr. Hussein and reviewed the MRI. He diagnosed lumbar radiculopathy and discussed conservative treatment options or surgery. At the last visit in August, Mr. Hussein underwent an epidural steroid injection. Nowhere within these records did anyone give an opinion on the work-relatedness of any of Mr. Hussein's conditions.

Then, in December 2022 and February 2023, Mr. Hussein visited the emergency room for lumbar radiculopathy. Mr. Hussein provided mostly copies of discharge instructions, which do not contain a statement regarding whether his back condition is related to work.

As to the requested relief, Mr. Hussein's affidavit states that he is "seeking payment of temporary disability." A December status order said that he requests medical and temporary disability benefits. He filed no bills for past unauthorized medical treatment.

---

[2] Mr. Hussein's petition and the dispute certification notice do not list his neck as an injured body part.

**Findings of Fact and Conclusions of Law**

Mr. Hussein, as the employee in a workers' compensation case, has the burden of proving all essential elements of his claim for benefits. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). In addition, at an expedited hearing, Mr. Hussein must show he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

Taylor Farms did not dispute that Mr. Hussein suffered an injury arising primarily out of employment on September 1, 2020, when he injured his low back at work. The question is whether his later injuries also relate to work.

As the Appeals Board recently explained, the "direct and natural consequences" rule states that "every natural consequence that flows from the [work-related condition] arises out of the employment, unless it is the result of an independent intervening cause attributable to the employee's intentional conduct." *Braden v. Mohawk Indus., Inc.,* 2022 TN Wrk. Comp. App. Bd. LEXIS 11, at *8 (Mar. 1, 2022).

Here, the only medical proof on whether Mr. Hussein's later injuries are the direct and natural consequence of the original, work-related injury, is Dr. Elalayli's opinion. He checked the option in response to counsel's letter, "within a reasonable degree of medical certainty that the medications that Abdullah Hussein was prescribed for his workers compensation injury dated September 1, 2020 were more likely than not, NOT the primary cause of his fall at home on November 2, 2020."

This opinion is clear and mirrors the definition of a compensable injury in the Workers' Compensation Law. *See* Tenn. Code Ann. § 50-6-102(12). Moreover, Dr. Elalayli was chosen from a panel, so his causation opinion is rebuttably presumed correct. *Id.* at -102(12)(E).

To rebut that opinion, Mr. Hussein stated in his affidavit that prescription medication from the back injury caused his fall, injuring his knee and shoulder. He also offered records from unauthorized providers, who document that he still suffers from lumbar pain. Importantly, though, they do not give any opinion about whether the knee and shoulder injuries resulted from the effects of his medications for his back injury. Mr. Hussein believes they are causally related. However, parties "cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Therefore, Mr. Hussein has not satisfied his burden to show that his alleged injuries to his knee and shoulder arose primarily out of employment. His request for medical benefits with respect to these injuries is denied.

However, Mr. Hussein remains entitled to treatment with Dr. Elalayli for his low back. *See Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017). (In an accepted claim at the interlocutory stage, even where an authorized physician has assigned maximum medical improvement, that opinion does not forever foreclose "the possibility that Employee may need reasonable and necessary medical treatment causally-related to the work injury at some point in the future.").

Mr. Hussein's principal contention is that he is entitled to temporary total disability benefits. He must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Woodard v. Freeman Expositions,* 2021 TN Wrk. Comp. App. Bd. LEXIS 21, at *6-7 (July 16, 2021).

In this case, the only proof *for the back injury* regarding Mr. Hussein's work status is that on December 2, 2020, Dr. Elalayli, the authorized treating physician, returned Mr. Hussein to full duty. As previously stated, he has not shown that the knee or shoulder injuries are work-related. Therefore, Mr. Hussein is not likely to prevail at a hearing on the merits that he is entitled to additional temporary disability benefits.

IT IS, THEREFORE, ORDERED:

1. Mr. Hussein's request for a continuance of the in-person expedited hearing is denied. Mr. Hussein shall promptly reimburse Taylor Farms for the interpreter's expense to appear at the March 13, 2023 hearing.

2. Mr. Hussein's request for medical benefits for alleged knee and shoulder injuries is denied at this time, but he remains entitled to return to Dr. Elalayli for his lumbar back injury.

3. Mr. Hussein's request for temporary disability benefits is denied at this time.

4. The Court sets a status hearing on **July 10, 2023, at 9:00 a.m. Central Time. You must dial 615-532-9552 or 866-943-0025. Taylor Farms must arrange for a Kurdish interpreter. If Mr. Hussein does not appear, the Court might dismiss the case with prejudice for failure to prosecute.**

**ENTERED March 20, 2023.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

5

# Appendix

Technical record
1. Petition for Benefit Determination, filed by Employee, June 5, 2021
2. Petition for Benefit Determination, filed by Employer, June 3, 2022
3. Dispute Certification Notice, and Employer's Additional Information
4. Order Setting Status Hearing
5. Order Resetting Status Hearing
6. Order on Status Hearing
7. Hearing Request
8. Motion for Continuance
9. Order Resetting Expedited Hearing

Exhibits
1. Declaration of Mr. Hussein
2. Form C-32, Choice of Physicians Form
3. Wage Statement
4. Dr. Elalayli medical records
5. Employee's Medical Records for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on March 20, 2023.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Abdullah Hussein, Employee | X | X | X | 3811 Sam Boney Dr. Nashville TN 37211 Ibrahimsuzon00@gmail.com |
| Peter Rosen, Employer's Attorney | | | X | prosen@vkbarlaw.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*